Guy J. Criscione, Jr.
*Attorney for Debtor*
817 Madison Ave.
Albany, NY 12208

Andrea E. Celli, Esq.
*Chapter 13 Trustee*
7 Southwoods Blvd.
Albany, NY  12211

Andrew B. Helfand, Esq.
Helfand & Helfand
*Attorneys for Santander Consumer USA, Inc.*
60 East 42nd St., Suite 1048
New York, New York 10165

In Re: Charles G. Lockenwitz, Jr. and Tammy M. Lockenwitz
Chapter 13
Case No. 09-10175

## LETTER DECISION AND ORDER

Before the court is the Objection to Confirmation of Debtors' Chapter 13 Plan and Response to Trustee's Motion to Determine Value of Collateral filed by Santander Consumer USA, Inc., successor in interest to Drive Financial Services ("Santander"). The court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(A) and (L), and 1334(b).

The facts are not in dispute. Debtor Charles G. Lockenwitz, Jr. purchased a 2005 Dodge Caravan from Albany Dodge on June 27, 2005. The purchase was financed with a loan in the amount of $26,996.61 from WFS Financial, Inc. (the "Truck Loan"). In or about April 2006, Mr. Lockenwitz refinanced the Truck Loan with Roadloans, a division of Triad Financial Corporation. Mr. Lockenwitz executed a Note and Security Agreement in an amount equal to the balance owed to WFS Financial, Inc., namely, $25,901.28, with interest at 7.99 percent, and

granted Roadloans a lien against the Dodge Caravan (the "First Loan").  On or about October 9, 2007, Mr. Lockenwitz executed a second Note and Security Agreement with Roadloans in the amount of $21,013.12 with interest at 7.09 percent (the "Second Loan").  The proceeds from the Second Loan were used to pay off the First Loan.  Debtor Tammy M. Lockenwitz also executed the Note and Security Agreement evidencing the Second Loan on October 9, 2007.  The Note and Security Agreement signed by the Debtors provides, in part:

> **SECURITY AGREEMENT.**  To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest in the [Caravan] being purchased or refinanced with the loan proceeds.

(Santander's Further Objection (No. 36) Ex. E at 4.)

The Notice of Recorded Lien on file with the New York State Department of Motor Vehicles  indicates the Caravan is owned by Mr. Lockenwiz and Roadloans holds a lien against the vehicle.  (Santander's Further Objection Ex. E at 2.)  In 2008, Santander purchased the assets of Triad Financial Corporation.  As a result, Santander is the holder of the Note and Security Agreement evidencing the Second Loan.

Charles G. Lockenwitz, Jr. and Tammy M. Lockenwitz ("Debtors") filed a Chapter 13 petition (No. 1) and a Chapter 13 plan (No. 2) on January 28, 2009.  Santander's claim is characterized by the Debtors on Schedule D (Creditors Holding Secured Claims) of their petition as being incurred in 2007 in connection with an "auto loan (NOTE: This loan was a refinance of a 2005 auto loan with WFS Financial)."  (No.1.)  The Debtors' proposed Chapter 13 plan provides for monthly plan payments of $288 for a period of 60 months.  Under the proposed plan Santander, as successor in interest to Drive Financial, will receive the replacement vale of the Debtors' vehicle, namely $9,000, with interest at 6 percent.  The proposed plan provides further

that the balance of Santander's claim will be treated as unsecured. Unsecured creditors, however, are to receive a dividend of zero percent. Santander filed a timely secured proof of claim in the amount of $18,550.10.

In connection with confirmation of the Debtors' plan, the Chapter 13 Trustee filed a Motion to Determine Value of Santander's collateral in conformance with Debtors' proposed treatment of Santander's claim. (No. 17.) Santander filed a timely objection to Debtors' plan and response to the Trustee's motion to determine value of the Caravan, on the basis that the plan fails to provide for payment in full of its claim as required by the so-called "hanging paragraph" of 11 U.S.C. § 1325(a). (Nos. 12, 13, 21.)

The Debtors' confirmation hearing was scheduled for March 26, 2008, and then adjourned several times until August 6, 2009. At the conclusion of the hearing on August 6, 2009, the court issued a briefing order. (No. 28.) After being amended twice at the parties' request, the briefing order directs that the parties file a Joint Stipulation of Facts by November 6, 2009, Memoranda of Law by December 4, 2009, and Reply Memoranda of Law, or a letter indicating a reply will not be filed, by December 23, 2009. (Nos. 30, 33, 35.) In addition, the briefing order provides, in part:

> 4. **Failure of the movant to file a Memorandum of Law shall result in denial of the motion based upon movant's failure to meet its burden.**
>
> 5. **Failure of the responding party to file a responsive Memorandum of Law shall be deemed consent to the relief requested by the movant and a waiver of any further notice or opportunity for hearing.**
>
> 6. All counsel and the parties shall comply with this Order and failure to do so may result in imposition of appropriate sanctions and/or dismissal of the proceeding.

(No. 28.) The court's docket indicates a Stipulation setting forth agreed upon facts was filed on

November 9, 2009 (No. 34), and Santander filed its memorandum of law setting forth its legal argument on December 4, 2010 (No. 36). Despite the warnings contained in the briefing order, Debtors did not file a memorandum of law or other pleading in support of their position, nor did they request an extension of time to do so.

The hanging paragraph of 11 U.S.C. § 1325(a) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[1] It provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a).

Prior to the enactment of BAPCPA, a Chapter 13 debtor could propose a plan that would provide for the retention of an automobile and the bifurcation the secured creditor's claim into secured and unsecured portions based upon the value of the automobile. Post-BAPCPA, the hanging paragraph prohibits the bifurcation of a purchase money security interest secured by an automobile purchased within 910 days of a debtor's bankruptcy filing.

Santander asserts that Mrs. Lockenwitz used the proceeds of the Second Loan to purchase a joint ownership interest in the Caravan with Mr. Lockenwitz. As a result, the hanging paragraph of §1325(a) prohibits the Debtors from bifurcating Santander's claim secured

---

[1] This particular provision of § 1325(a) has become commonly known as the "hanging paragraph" because it follows the numbered subsections, but has no numerical designation of its own.

4

by the vehicle because Mrs. Lockenwitz's interest in the Caravan was purchased within 910 of the bankruptcy filing.

For reasons unbeknownst to the court, the Debtors have not pursued their opposition to Santander's objection to confirmation of their Chapter 13 plan. Thus, the court concludes the Debtors have abandoned their defense and consent to the relief requested in conformance with the court's briefing order. Accordingly, Santander's objection to confirmation is sustained, and confirmation is denied.

It is SO ORDERED.           /s/ Robert E. Littlefield, Jr.

Dated: April 27, 2010           _____
Albany, New York                Hon. Robert E. Littlefield, Jr.
                                Chief United States Bankruptcy Judge